UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 2:24-cv-09367-SVW-SHK | Date: | March 27, 2025 |
|---|---|---|---|
| Title: | *Alfredo Garibay v. FCI Lompoc II* | | |

Present: The Honorable   Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):   ORDER TO SHOW CAUSE**

    On October 15, 2024,[1] Petitioner Alfredo Garibay ("Petitioner"), an inmate of the Federal Bureau of Prisons' ("BOP") Federal Correctional Institution ("FCI") II in Lompoc, California ("FCI Lompoc"), proceeding pro se, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition" or "Pet."). Electronic Case Filing Number ("ECF No.") 1, Pet. On February 17, 2025, Bryan Birkholz, Warden of FCI Lompoc ("Respondent"), moved to dismiss ("MTD") the Petition. ECF No. 8, MTD. As of the date of this order, Petitioner has not opposed the MTD. Therefore, the Court performed an independent search of the BOP inmate locator website, which revealed that Petitioner is no longer in BOP custody as of February 7, 2025. See https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last accessed March 26, 2025).

    The Court takes judicial notice of the information contained on the BOP inmate locator website. See United States v. Basher, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of the BOP inmate locator website that is available to the public). Based on the BOP inmate locator website, it appears Petitioner is no longer at his current address of record and that Petitioner has not kept the Court apprised of his current address in violation of Local Civil Rule for the United States District Court for the Central District of California ("Local Rule" or "L.R.") 41-6. See L.R. 41-6 (requiring a pro se party to keep the Court and opposing parties apprised of

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

the party's current address, telephone number, and e-mail address, if any, and providing that if a "pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.").

Consequently, because Petitioner appears to be in violation of Local Rule 41-6, and to have abandoned this litigation by not responding to, or opposing, Respondent's MTD, Petitioner is ORDERED TO SHOW CAUSE, by **April 9, 2025**, why this case should not be dismissed for failure to prosecute, follow Court orders, and follow Local Rule 41-6.  Petitioner can satisfy this order by: (1) updating the Court with his current address; and (2) filing an opposition or statement of non-opposition to the MTD by the date above.

Petitioner is cautioned that failure to timely perform the actions listed above **will result in a recommendation that this action be dismissed for failure to prosecute and follow Court orders.**

**IT IS SO ORDERED.**