UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO GARIBAY,<br><br>　　　　　　　　Petitioner,<br><br>　　　　v.<br><br>FCI LOMPOC II,<br><br>　　　　　　　　Respondent. | Case No. 2:24-cv-09367-SVW-SHK<br><br>**ORDER DISMISSING CASE** |

## I.　　BACKGROUND

On October 15, 2024,[1] Petitioner Alfredo Garibay ("Petitioner"), an inmate of the Federal Bureau of Prisons' ("BOP") Federal Correctional Institution ("FCI") II in Lompoc, California ("FCI Lompoc"), proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition" or "Pet."). Electronic Case Filing Number ("ECF No.") 1, Pet. On February 17, 2025, Bryan Birkholz, Warden of FCI Lompoc ("Respondent"), moved to dismiss ("MTD") the Petition. ECF No. 8, MTD. Petitioner failed to timely oppose the MTD. Therefore, on March 27, 2025, the Court ordered Petitioner to show cause

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

1  ("OSC"), by April 9, 2025, why the case should not be dismissed for failure to
2  prosecute, follow Court orders, and follow Local Civil Rule for the United States
3  District Court for the Central District of California ("Local Rule" or "L.R.") 41-6.
4  ECF No. 11, OSC.

     Specifically, the Court noted in the OSC that it "takes judicial notice of the information contained on the BOP inmate locator website." Id. at 1 (citing United States v. Basher, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of the BOP inmate locator website that is available to the public)). The Court found that "[b]ased on the BOP inmate locator website, it appears Petitioner is no longer at his current address of record and that Petitioner has not kept the Court apprised of his current address in violation of Local . . . Rule . . . 41-6." Id. (citing L.R. 41-6).

     The Court added that Local Rule 41-6 "require[es] a pro se party to keep the Court and opposing parties apprised of the party's current address," and provides that if a "'pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.'" Id. at 1-2 (quoting L.R. 41-6).

     The Court instructed Petitioner that he could satisfy the OSC by: "(1) updating the Court with his current address; and (2) filing an opposition or statement of non-opposition to the MTD by the date above." Id. at 2. The Court cautioned Petitioner that "failure to timely perform the actions listed above **will result in a recommendation that this action be dismissed for failure to prosecute and follow Court orders.**" Id. (emphasis in original).

     On April 8, 2025, the United States Parcel Service ("USPS") returned the OSC to the Court ("Returned Mail") with the notation "return to sender not deliverable as addressed" printed on the envelope, ECF No. 12, Returned Mail at 1 (capitalization normalized), which further suggests that Petitioner is no longer at

2

his address of record and that he has not updated the Court of his current address in violation of Local Rule 41-6.

As of the date of this Order, Petitioner has not: (1) shown cause why this case should not be dismissed; (2) updated the Court with his current address; (3) filed an opposition or statement of non-opposition to the MTD; or (4) otherwise participated in this action.

## II. DISCUSSION

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the

availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite having been warned that this case will be dismissed for failure to prosecute if Petitioner did not update the Court with his current address or file an opposition or statement of non-opposition to the MTD, Petitioner has failed to perform these actions as ordered, or otherwise participated in this action in any way. This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests Petitioner does not intend to litigate this action diligently.

The third factor—prejudice to Respondent—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a respondent arises when petitioners unreasonably delay prosecuting an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted). Here, Petitioner has not offered any excuse for his failure to comply with the Court's OSC and respond in a timely manner and this "prejudice" element thus favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Petitioner's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not met this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. Under these circumstances, though this policy favors Petitioner, it does not outweigh Petitioner's failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without

Petitioner's compliance with Court orders or participation in this litigation. Despite attempts by the Court to obtain a response, Petitioner has shown he is either unwilling or unable to comply with Court orders by failing to file responsive documents or otherwise cooperate in prosecuting this action.  The Court is not aware of any lesser sanction that is available in this case.  See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.").

Accordingly, because it appears that Petitioner has abandoned this litigation, and because Petitioner has defied Court orders, the Court **DISMISSES** this case, without prejudice.

### III.   ORDER

Based on the foregoing, IT IS ORDERED THAT Judgment be entered **DISMISSING** this case without prejudice.

DATED: 05/14/2025

HONORABLE STEPHEN V. WILSON
United States District Judge

Presented by:

HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge

5